UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENNIS DEWAIN COMBS,

    Applicant,

v.                                        CASE NO. 8:16-cv-2205-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Combs applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for aggravated assault on a law enforcement officer, for which he is imprisoned for fifteen years. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Combs is barred from pursuing this second or successive application.

Combs's earlier challenge to this same conviction in 8:11-cv-622-T-26MAP was denied on the merits. (Doc. 23 in 11-cv-622) Combs is precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Until he obtains authorization to file a second or successive application, the district court lacks jurisdiction to review the application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Combs is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Combs must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir 2001). Because the application is clearly a second or successive application, Combs is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Combs must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 17, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE